UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEJUAN SANDERS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. 5:16-cv-00890 |
| v. | § § | JURY TRIAL DEMANDED |
| PACKERS SANITATION SERVICES, INC., LTD., | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Dejuan Sanders (referred to as "Plaintiff" or "Sanders") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Packers Sanitation Services, Inc., Ltd. (referred to as "Defendant" or "PSSI"). In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1.     Sanders's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To

achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      PSSI violated the FLSA by employing Sanders and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4.      PSSI violated the FLSA by failing to maintain accurate time and pay records for Sanders and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Sanders brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(3) because PSSI is subject to this Court's personal jurisdiction.

## III.  Parties

8.      Dejuan Sanders is an individual who resides in Shelby County, Texas and who was employed by PSSI during the last three years.

9.     Packers Sanitation Services, Inc., Ltd. is an Ohio limited liability company that may be served with process by serving its registered agent: National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Alternatively, if the registered agent of Packers Sanitation Services, Inc., Ltd. cannot with reasonable diligence be found at the company's registered office, Packers Sanitation Services, Inc., Ltd. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10.     Whenever it is alleged that PSSI committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of PSSI or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

11.     PSSI is a sanitation services company; it does business in the territorial jurisdiction of this Court.

12.     PSSI employed Sanders as a laborer from October 2012 to the present.

13.     During Sanders's employment with PSSI, he was engaged in commerce or the production of goods for commerce.

14.     During Sanders's employment with PSSI, the company had employees engaged in commerce or in the production of goods for commerce.

15.     During Sanders's employment with PSSI, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

16.     During Sanders's employment with PSSI, the company had an annual gross volume of sales made or business done of at least $500,000.

17.     PSSI paid Sanders on an hourly basis.

18.     During Sanders's employment with PSSI, he regularly worked in excess of forty hours per week.

19.     PSSI knew or reasonably should have known that Sanders worked in excess of forty hours per week.

20.     PSSI did not pay Sanders overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed."  29 U.S.C. § 207(a)(1).

21.     Instead, PSSI paid Sanders at his normal hourly rate for all the hour worked and/or it refused to pay him for all the hours he worked.

22.     In other words, PSSI paid Sanders for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

23.     PSSI knew or reasonably should have known that Sanders was not exempt from the overtime provisions of the FLSA.

24.     PSSI failed to maintain accurate time and pay records for Sanders as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

25.     PSSI knew or showed a reckless disregard for whether its pay practices violated the FLSA.

26.     PSSI is liable to Sanders for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

27.     All laborers employed by PSSI are similarly situated to Sanders because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from PSSI pursuant to 29 U.S.C. § 216(b).

## V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

28.     Sanders adopts by reference all of the facts set forth above.  *See* Fed. R. Civ. P. 10(c).

29.     During Sanders's employment with PSSI, he was a nonexempt employee.

30.     As a nonexempt employee, PSSI was legally obligated to pay Sanders "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

31.     PSSI did not pay Sanders overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed."  29 U.S.C. § 207(a)(1).

32.     Instead, PSSI paid Sanders at his normal hourly rate for all the hour worked and/or it refused to pay him for all the hours he worked.

33.     In other words, PSSI paid Sanders for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

34.     If PSSI classified Sanders as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

35.     PSSI knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, PSSI willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

36.     Sanders adopts by reference all of the facts set forth above.  *See* Fed. R. Civ. P. 10(c).

37.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

38.     In addition to the pay violations of the FLSA described above, PSSI also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—Collective Action Allegations

39.     Sanders adopts by reference all of the facts set forth above.  *See* Fed. R. Civ. P. 10(c).

40.     On information and belief, other employees have been victimized by PSSI's violations of the FLSA identified above.

41.     These employees are similarly situated to Sanders because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

42.     PSSI's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

43.     Since, on information and belief, Sanders's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

44.     All employees of PSSI, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is

no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All laborers employed by PSSI during the last three years.

45.     PSSI is liable to Sanders and the other laborers for the difference between what it actually paid them and what it was legally obligated to pay them.

46.     Because PSSI knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Sanders and the other laborers their unpaid overtime wages for at least the last three years.

47.     PSSI is liable to Sanders and the other laborers in an amount equal to their unpaid overtime wages as liquidated damages.

48.     PSSI is liable to Sanders and the other laborers for their reasonable attorneys' fees and costs.

49.     Sanders has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

50.     Sanders demands a trial by jury.

## IX.  Prayer

51.     Sanders prays for the following relief:

> a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b. judgment awarding Sanders and the other laborers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c. prejudgment interest at the applicable rate;

d. postjudgment interest at the applicable rate;

e. incentive awards for any class representative(s); and

f. all such other and further relief to which Sanders and the other laborers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
DEJUAN SANDERS**