UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEJUAN SANDERS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. 5:16-CV-00890-XR-PAM |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| PACKERS SANITATION SERVICES, INC., LTD., | § § § | |
| Defendant. | § | |

**PLAINTIFFS' OPPOSED MOTION FOR CLASS
CERTIFICATION & EXPEDITED DISCOVERY**

Respectfully Submitted,

MOORE & ASSOCIATES

By: _Melissa Moore_____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**

# TABLE OF CONTENTS

I.   Statement of the Case ....................................................................................... 1

II.  Definition of Class ........................................................................................... 2

III. Description of Claims ....................................................................................... 2

    A.  Statement of Facts ................................................................................... 2

    B.  PSSI Violated the FLSA ......................................................................... 3

    C.  PSSI Forces Its Employees to Work Off-the-Clock ............................. 6

IV.  Authority for Class Certification ...................................................................... 8

V.   Prerequisites to Class Certification ................................................................ 10

VI.  Proposed Notice .............................................................................................. 11

VII.  Other Matters ................................................................................................. 12

VIII. Conclusion .................................................................................................... 122

Signature ................................................................................................................. 13

Certificate of Conference ........................................................................................ 13

Certificate of Service .............................................................................................. 13

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
  600 F.3d 516 (5th Cir. 2010)....................................................................8

*Anderson v. Mt. Clemens Pottery Co.*,
  328 U.S. 680 (1946) ...............................................................................4

*Beliz v. McLeod*,
  765 F.2d 1317 (5th Cir. 1985)................................................................4

*Belt v. Emcare Inc.*,
  299 F. Supp. 2d 664 (E.D. Tex. 2003) ...................................................8

*Castillo v. Givens, Inc.*,
  704 F.2d 181 (5th Cir. 1983)...................................................................4

*Donovan v Univ. of Tex.*,
  643 F.3d 1201 (5th Cir. 1981).................................................................8

*Dunlop v. Industrial America Corp.*,
  516 F.2d 498 (5th Cir. 1975)...............................................................4, 5

*Flowers v. MGTI, LLC*,
  No. H-11-1235,
  2012 U.S. Dist. LEXIS 73900 (S.D. Tex. May 29, 2012) .....................11

*Gandhi v. Dell Inc.*,
  No. A-08-CA-248,
  2009 WL 1940144 (W.D. Tex. Jul. 2, 2009) ........................................8, 9

*Gibson v. NCRC, Inc.*,
  No. H-10-1409,
  2011 U.S. Dist. LEXIS 77591 (S.D. Tex. Jul. 18, 2011)...................9, 10

*Granchelli v. P&A Interests, Ltd.*,
  No. H-11-4514,
  2013 U.S. Dist. LEXIS 14540 (S.D. Tex. Feb. 4, 2013).........................1

*Hoffman-La Roche v. Sperling*,
  493 U.S. 165 (1989) ...........................................................................8, 11

*Jones v. Cretic Energy Servs., LLC.*,
   No. H-15-0051,
   2015 U.S. Dist. LEXIS 164786 (S.D. Tex. Dec. 9, 2015) .................................... 11

*Lee v. Veolia ES Indus. Servs.*,
   No. 1:12-cv-136,
   2013 U.S. Dist. LEXIS 74193 (E.D. Tex. Apr. 12, 2013) .................................... 10

*Lusardi v. Xerox, Corp.*,
   118 F.R.D. 351 (D.N.J. 1987) .................................................................. 8

*Mares v. Wood Group Mustang, Inc.*,
   No. H-14-089,
   2015 U.S. Dist. LEXIS 1018 (S.D. Tex. Jan. 6, 2015) .............................................. 4

*Martinez v. Bally's Louisiana, Inc.*,
   244 F.3d 474 (5th Cir. 2001) ................................................................... 4

*McKnight v. D. Houston, Inc.*,
   756 F. Supp. 2d 794 (S.D. Tex. 2010) ....................................................... 9

*Mooney v. Aramco Svcs. Co.*,
   54 F.3d 1207 (5th Cir. 1995) .......................................................... 1, 8, 9

*Murray v. Stuckey's, Inc.*,
   939 F.2d 614 (8th Cir. 1991) ................................................................... 4

*Sandoz v. Cingular Wireless*,
   553 F.3d 913 (5th Cir. 2008) ............................................................... 8, 9

*Sedtal v. Genuine Parts Co.*,
   No. 1:08-CV-413,
   2009 U.S. Dist. LEXIS 63261 (E.D. Tex. July 23, 2009) ........................................ 7

*Shushan v. Univ. of Colo. at Boulder*,
   132 F.R.D. 263 (D. Colo. 1990) ............................................................... 8

*Skipper v. Superior Dairies*,
   512 F.2d 409 (5th Cir. 1979) ................................................................... 4

**Statutes**

29 U.S.C. § 203(g) ..................................................................................................... 4

29 U.S.C. § 203(r) ...................................................................................................... 5

29 U.S.C. § 203(s)(1) ................................................................................................. 5

29 U.S.C. § 203(s)(1)(A) ............................................................................................ 5

29 U.S.C. § 206(a) ........................................................................................... 4, 5, 10

29 U.S.C. § 206(a)(1) ................................................................................................. 3

29 U.S.C. § 207(a) .................................................................................................. 4, 5

29 U.S.C. § 207(a)(1) ................................................................................................. 3

29 U.S.C. § 211(c) .................................................................................................. 4, 6

29 U.S.C. § 216(b) ....................................................................................... 1, 2, 7, 12

29 U.S.C. §§ 201-219 ................................................................................................. 1

**Rules**

FED. R. CIV. P. 23 ........................................................................................................ 1

FED. R. CIV. P. 26(b)(1) ............................................................................................ 11

**Regulations**

29 C.F.R. § 516.27 ..................................................................................................... 4

29 C.F.R. § 531.27 ................................................................................................... 10

29 C.F.R. § 531.35 ................................................................................................... 10

29 C.F.R. pt. 516 ..................................................................................................... 4, 6

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs Dejuan Sanders, Shanki Lister, and Sheron Lawrence (referred to collectively as "Plaintiffs") and file this motion for class certification[1] and expedited discovery.  In support thereof, they would respectfully show the Court as follows:

## I.    Statement of the Case

Sanders filed a putative collective action lawsuit against Packers Sanitation Services, Inc., Ltd. (referred to as "Defendant" or "PSSI") on September 6, 2016, alleging that the company violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") by, among other things, failing to pay him and others similarly situated the statutory minimum wage and overtime for hours worked in excess of forty per workweek. (Pl.'s Compl. (Dkt. 1) ¶¶ 28-38.)  Two other individuals (i.e., Shanki Lister and Sheron Lawrence) have exercised their statutory rights to join this lawsuit by consenting in writing to become parties to it pursuant to 29 U.S.C. § 216(b).[2]   (Lister Consent (Dkt. 15); Lawrence Consent (Dkt. 23).)  PSSI generally denies that it is liable to Plaintiffs or that any of the company's current or former employees are similarly situated to them.  (Def's. Answer (Dkt. 5).)  Now, however, because the evidence establishes that Sanders and the opt-in plaintiffs are similarly situated to other current and former hourly employees of

---

[1] This is a collective action under 29 U.S.C. § 216(b) and not a class action under FED. R. CIV. P. 23.  However, since "most courts utilize class action terminology from Rule 23 cases[,]" Plaintiffs will do so here.  *Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).

[2] "Individuals who already know about [a collective action] suit and want to join as additional plaintiffs need not wait until certification and notice to do so."  *Granchelli v. P&A Interests, Ltd.*, No. H-11-4514, 2013 U.S. Dist. LEXIS 14540, at *5-*6 (S.D. Tex. Feb. 4, 2013).

PSSI, they request that the Court conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b) and authorize the issuance of notice to members of the putative class.

## II.    Definitions of Classes

Plaintiffs request that the Court conditionally certify the following class pursuant to 29 U.S.C. § 216(b):

> All hourly employees employed by Packers Sanitation Services, Inc., Ltd. during the last three years at the following location: 1019 Shelbyville St., Center, Texas 75935.

## III.    Description of Claims

### A.    Statement of Facts

As the largest contract food sanitation company, PSSI provides sanitation for over 450 food processing plants across the United States and Canada.  Founded in 1973, PSSI went through many mergers and sales before it became the company that it is today. PSSI employs over 15,000 nonexempt workers, called Sanitation Laborers, cleaning over 450 plants each night.  Ex. A, Sanitation Job Description. Sanitation Laborers are responsible for cleaning and sanitizing food, beverage, and/or drug processing plants.  Ex. B, Sanders Decl. at ¶ 6; Ex. C, Lister Decl. at ¶ 6.

Sanders, Lister, and Lawrence have all worked as sanitation laborers for the entirety of their time employed by PSSI. Plaintiffs work in a Tyson Foods, Inc. facility located at 1019 Shelbyville St. in Center, Texas.  All Plaintiffs usually worked from 11:00 p.m. to 8:00 a.m.  Ex. B, Sanders Decl. at ¶ 14.

PSSI knew Plaintiffs were working more than the 8 hour shifts each day but would prohibit them from recording that time, either by instructing them not to clock out (so that a manager could arbitrarily assign a clock-out time) or manually changing the time records. Ex. B, Sanders Decl. at ¶ 12; Ex. C, Lister Decl. at ¶ 12.  For example, despite having installed a sophisticated facial recognition punch system in 2015, the system was still frequently "down" or Plaintiffs would be told to explicitly not clock in or out without being given a reason.  Ex. B, Sanders Decl. at ¶ 12; Ex. C, Lister Decl. at ¶ 12.  Conveniently, the sophisticated system would not be working on weekends, or the end of the week on a Friday, when payroll was due. Ex. D, Lawrence Decl. at ¶ 13. When Plaintiffs were told that the system was down, they would be asked to sign a blank piece of paper with only their names on it, being asked to entrust that their manager would recall and input each of their time worked correctly in the system after the fact. Ex. B, Sanders Decl. at ¶ 12; Ex. C, Lister Decl. at ¶ 12; Ex. D, Lawrence Decl. at ¶ 11. In fact, if Plaintiffs clocked out through the new system, management would frequently manually edit their time records to show they only worked their scheduled shifts—not what they actually worked, which was invariably more. Ex. H, Lister Photo Punches; Ex. I, Manual Edit Log; Ex. J, Lister Pay Stubs. While Plaintiffs would usually be allowed to clock in via the new system, their clock out times showed numerous editing, shaving time from their weekly hours. *Id.*

**B.    PSSI Violated the FLSA**

The FLSA requires covered employers to pay nonexempt employees at one and one-half times their regular rates for all hours worked in excess of forty during a workweek. 29 U.S.C. § 207(a)(1).  It also requires employers to maintain certain records to document

- 3 -

compliance with the minimum wage and overtime requirements of the Act.[3, 4]  29 U.S.C. §

211(c); 29 C.F.R. pt. 516.  To establish a prima facie violation of the FLSA, a plaintiff

generally must show (1) the existence of an employment relationship with the defendants;

(2) that the employee was covered by the FLSA; (3) that the employer had actual or

constructive knowledge of overtime worked or wage payments in violation of the FLSA;

and (4) the amount owed.[5]  29 U.S.C. §§ 203(g), 206(a), 207(a); *Mt. Clemens Pottery Co.*,

328 U.S. at 687; *Murray v. Stuckey's, Inc.*, 939 F.2d 614, 621 (8th Cir. 1991).

With respect to the first element, PSSI has judicially admitted[6] that it employed

Sanders. (Def's Answer (Dkt. 5) ¶ 12.)  With respect to the second element, there are two

types of coverage under the FLSA: individual coverage and enterprise coverage.  *Dunlop*

---

[3] Specifically, an employer must maintain the following records: (1) the employee's personal identifying information and (2) essential wage and hour information (i.e., pay period and date of payment, basic pay rate, daily and weekly hours, straight time and overtime earnings, additions to and deductions from wages, and total wages paid each pay period).  29 C.F.R. § 516.27.

[4] In cases where the employer fails to discharge its duty to maintain accurate time records as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.27, the burden of proof shifts from the employee to the employer.  "In such a situation … an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate."  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Beliz v. McLeod*, 765 F.2d 1317, 1330 (5th Cir. 1985); *Castillo v. Givens, Inc.*, 704 F.2d 181, 194-95 (5th Cir. 1983); *Skipper v. Superior Dairies*, 512 F.2d 409, 419-20 (5th Cir. 1979).  The employer cannot be heard to complain about the imprecision of the employee's proof, since it was the employer's failure to maintain complete and accurate pay and time records that made the relaxed burden of proof necessary, and the employee should not be penalized by this default on the part of the employer.  *Mt. Clemens Pottery Co.*, 328 U.S. at 680.

[5] The amount owed is subject to the burden-shifting principles discussed in *supra* note 10.

[6] A judicial admission—i.e., "a formal concession in the pleadings" of a fact "that has the effect of withdrawing [the] fact from contention[]"—"is conclusive[.]" *Mares v. Wood Group Mustang, Inc.*, No. H-14-089, 2015 U.S. Dist. LEXIS 1018, at *5 (S.D. Tex. Jan. 6, 2015) (Rosenthal, J.) (quoting *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)).

*v. Industrial America Corp.*, 516 F.2d 498, 500-501 (5th Cir. 1975).  On the one hand, an employee is individually covered where he is "engaged in commerce or in the production of goods for commerce"; on the other hand, all of the employees of an "enterprise" are covered (regardless of whether they are individually engaged in commerce) if the statutory requirements are met.  *Id.*; *see also*, 29 U.S.C. §§ 206(a), 207(a).  The FLSA defines "enterprise" as follows:

> "Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements[.]

29 U.S.C. § 203(r).  Section 203(s)(1) provides that such an enterprise

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 203(s)(1)(A).  In this case, PSSI has judicially admitted[7] that it is a covered enterprise.  (Def's Answer (Dkt. 5) ¶¶ 14-16.)

  With respect the final two elements, PSSI's pay practices plainly violate the FLSA. Pay period after pay period, Plaintiffs worked 9 hours shifts, 5 to 6 days a week but were usually only paid for 40 hours per week, not paid for their total number of overtime hours, and/or PSSI would input their time to show that they only worked precisely 8 hours per

---

[7] See *supra* note 6.

day, only 5 days per week.  Failing to count and pay for all hours worked means that PSSI employees did not receive the overtime to which they were lawfully entitled (or received very little of it).  Lastly, by editing its employees' time records to show that they only worked their scheduled shifts,[8] PSSI violated the FLSA's recordkeeping requirements.  *See generally*, 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

## C.     PSSI Failed to Pay Overtime

PSSI employs Plaintiffs, and others, as Sanitation Laborers.  Plaintiffs work in a crew of Sanitation Laborers, all on essentially the same level, with one manager, though rates of pay vary.  Plaintiff works at the Tyson Foods, Inc. facility in Center, Texas.  In Plaintiff Sanders' Original Complaint, he alleges that PSSI violated the FLSA by not paying him properly for all the hours he worked. This includes requiring him to work off the clock (e.g., instructing him not to record overtime that he actually worked), misrepresenting hours that he worked, and/or editing his time records.

PSSI employed Sanders as a Sanitation Worker. Ex. B, Sanders Decl. at ¶ 5. Sanders worked the night shift at the Tyson Foods, Inc. facility located at 1019 Shelbyville St. in Center, Texas. Sanders was intermittently paid for a portion of his overtime, but not all of his overtime. Ex. B, Sanders Decl. at ¶ 10. Prior to 2015, Sanders would sign a piece of blank printer paper saying he was present for that day. Ex. B, Sanders Decl. at ¶ 11; Ex. E

---

[8] Plaintiff's clock in and clock out times usually came out to precisely 8 hours prior to the new clock in system, which would be highly improbable, if not impossible, considering the number of employees employed by PSSI. Further, once the new system was in place, on the punches that were edited, the total times for those days typically added up to precisely 8 hours as well. This goes to show that PSSI did not want any employee to accrue a minute or second of overtime.

Sign-In Sheet.[9] The paper did not have clock in or clock out times documented on it, and the time was presumably input later by the manager to calculate hours for the paycheck. *Id.* However, Sanders was never given a record of his hours prior to receiving his paycheck. Ex. B, Sanders Decl. at ¶ 11. In late 2015, PSSI installed a sophisticated facial recognition punch system. Ex. B, Sanders Decl. at ¶ 12; Ex. C, Lister Decl. at ¶ 12; Ex. D Lawrence Decl. at ¶ 13.

Though this system was a big step up from the printer paper sign-in sheet, Sanders was frequently told by his manager either to not clock in or out on the new system, or that the system was down. *Id.* When this happened (which was a regular occurrence and can be determined from the "Photo Not Available" notation on the Punch Out Column of the time records), Sanders would be required to once again sign in on the piece of blank printer paper, without any documentation of the precise hours that he worked. *Id.* For example, management would circulate a piece of paper that had no date or punch times for any employee. Ex. E, Sign-In Sheet. Sanders was told by management that the "system was down" as recently as the evening of February 28, 2017. *Id*. Sanders' work schedule was fairly consistent, Sanders worked 11:00 PM to 8:00 AM or later Monday through Saturday, and occasionally worked Sundays. Ex. B, Sanders Decl. at ¶ 14. With no time card for him to compare his hours, Sanders would look at the hours for the week on his paycheck and know that he was short on hours and not paid correctly. Ex. B, Sanders Decl. at ¶ 13-14.

---

[9] Prior to the facial recognition system being installed, this is an example of how Plaintiffs signed in for their shift each evening. However, even after the new system was installed, Plaintiffs are still required to sign in on a sheet similar to this frequently. For example, Plaintiff Sanders took a photo of this sign-in sheet when management told him the "system was down" on the evening of February 28, 2017. Note that there is no date written on the sheet, nor are there times for clock-in and out for any employee.

But even when he and the other Sanitation Laborers did punch out, a manager would go behind them and change their time so that the records reflected fewer hours than actually worked.   Typically, he would work between 45 to 54 hours per week but was only paid for 40-45 hours. Ex. B, Sanders Decl. at ¶ 15.

## IV.  Authority for Class Certification

The FLSA expressly allows a collective action to "be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  "A collective action [under the FLSA] is similar to a class action brought under Rule 23 of the Federal Rules of Civil Procedure.  But, it is different from a class action in that absent class members do not share in the recovery (and are not bound by the judgment) unless they specifically opt into the class upon receiving notice of the action."  *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413, 2009 U.S. Dist. LEXIS 63261, at *4–*5 (E.D. Tex. July 23, 2009) (citing *Belt v. Emcare Inc.*, 299 F. Supp. 2d 664, 665 (E.D. Tex. 2003)) (internal citation omitted).  A collective action "prevents piecemeal litigation, inconsistent adjudications, and difficult res judicata issues."  *Belt*, 299 F. Supp. 2d at 655 (citing *Donovan v Univ. of Tex.*, 643 F.3d 1201, 1206-1207 (5th Cir. 1981)).

A district court may conditionally certify an FLSA collective action and authorize notice to potential class members so that they may choose whether to opt into the lawsuit if the plaintiff shows that he is "similarly situated" to those whom he purports to represent. *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169 (1989).   Courts recognize two

approaches to determine whether to authorize notice to similarly situated employees: the two-stage method set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and the spurious class action approach in *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990).   Although the Fifth Circuit has not formally adopted either method, virtually all of the courts in this circuit use the two-stage *Lusardi* approach.   *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (noting that neither method has been formally adopted); *Sandoz v. Cingular Wireless*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (observing that most cases proceed using the two-step *Lusardi* approach). Since *Lusardi* is the preferred approach, only that method will be addressed.

Under *Lusardi* and its progeny, the first stage is the "notice stage."   *Mooney*, 54 F.3d at 1213-14.   At the notice stage, the sole issue is whether to authorize notice to potential class members.   *Id.*   The Court does not consider a defendant's arguments on the merits.   *Gandhi v. Dell Inc.*, No. A-08-CA-248, 2009 WL 1940144, at *34 (W.D. Tex. Jul. 2, 2009).   The decision is often based only on the pleadings and affidavits of the parties. *Id.*; *see also*, *Sandoz*, 553 F.3d at 915 n.2.   "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in.   *Mooney*, 54 F.3d at 1214 (internal footnote omitted).   The case then proceeds as a collective action throughout discovery.   *Id.* at 1213-14.   The second stage normally occurs after the parties have largely completed discovery and the defendant moves for decertification.   *Sandoz*, 553 F.3d at 915 n.2.   At that point, "the court must make a factual determination as to whether there are similarly-situated employees who

have opted in.  If so, the collective action may proceed, and if not, the court must dismiss the opt-in employees, leaving only the named plaintiff's original claims."  *Id*. (internal citations omitted).

### V.  Prerequisites to Class Certification

This case is at the notice stage.  *Mooney*, 54 F.3d at 1213-14.  To prevail, Sanders must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved are similarly situated to him in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt into the lawsuit.[10]  *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). As an initial matter, the declarations and other evidence attached to this motion clearly establish that PSSI violated 29 U.S.C. §§ 206(a), 207(a) (1) by requiring its employees to work off-the-clock (which resulted in a subminimum wage and/or the underpayment or nonpayment of overtime). *See*, 29 C.F.R. §§ 531.27, 531.35.

Additionally, the attached declarations clearly show that PSSI's unwritten policy and uniform practice of requiring hourly-paid employees to work off the clock creates an environment that motivates management to commit a consistent pattern of FLSA violations. The fact that the employees all work at the same facility, on the same shift, as a group is indicative that other putative class members that are similarly situated (i.e., they

---

[10] Courts in this circuit are divided on whether a named plaintiff must actually show that others are interested in joining the lawsuit. *See, e.g.*, *Gibson v. NCRC, Inc.*, No. H-10-1409, 2011 U.S. Dist. LEXIS 77591, at *19-*21 (S.D. Tex. Jul. 18, 2011) (Rosenthal, J.) (noting that there is no requirement to show that others are interested in joining lawsuit).

are forced to work without regular and overtime compensation due to PSSI's uniform practice of requiring off-the-clock work) to Plaintiffs.

Furthermore, the written consents of Sanders, Lister, and Lawrence that have been filed subsequent to the filing of this lawsuit show that other putative class members exist, are similarly situated to Sanders and want to recover their unpaid regular and overtime wages from PSSI.  *See, e.g.*, *Lee v. Veolia ES Indus. Servs.*, No. 1:12-cv-136, 2013 U.S. Dist. LEXIS 74193, at *20-*21 (E.D. Tex. Apr. 12, 2013) (noting that the presence of opt-ins shows interest); *but cf.*, *Gibson*, 2011 U.S. Dist. LEXIS 77591 at *19-*21 (noting that there is no requirement to show that others are interested in joining lawsuit).  Therefore, the Court should grant Plaintiffs' motion for class certification and authorize notice to potential class members.

## VI.  Proposed Notice

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."  *Hoffmann-La Roche*, 493 U.S. at 170.  The proposed notice meets the requirements set forth in *Hoffman-La Roche* because it accurately describes the claims being made against PSSI, the prohibition against retaliation, and the procedure for joining the lawsuit.  *See*, Ex. F, Proposed Notice to Potential Class Members.  Plaintiffs request that the notice be sent to potential class members by first class and electronic mail. *See*, *Flowers v. MGTI, LLC*, No. H-11-1235, 2012 U.S. Dist. LEXIS 73900, at *14 (S.D. Tex. May 29, 2012) (notices sent by first class mail); *See also*, *Jones v. Cretic Energy Servs., LLC.*, No. H-15-0051, 2015 U.S. Dist. LEXIS 164786, at *31 (S.D. Tex. Dec. 9,

2015) (notices sent by email).  Plaintiffs also requests that the Court fix a postmark deadline for the return of consent forms of sixty days from the date the notices are mailed and that a reminder notice be sent 30 days before the deadline to join.  *See*, *id*.  Class counsel will oversee the implementation of notice and cover any associated costs.

## VII.  Other Matters

So notice may be timely implemented, Plaintiffs request that PSSI produce verified contact information (i.e., names and last known addresses) for all putative class members who worked for PSSI who on or after September 2013.  Ex. G, Proposed Affidavit of PSSI Representative.  *See*, *Flowers*, 2012 U.S. Dist. LEXIS 73900, at *13-*14.  This information is discoverable as a matter of right even in the absence of a collective action, because these other employees are persons with relevant knowledge.  FED. R. CIV. P. 26(b)(1); *Hoffman-La Roche*, 493 U.S. at 170 (discovery of names and address of similarly situated employees is permissible regardless of whether lawsuit has been certified as a collective action).

## VIII.  Conclusion

At its core, this is a straightforward of failure to pay overtime in violation of the FLSA.  And since Plaintiffs and those whom they seeks to represent are all victims of a uniform pay practices that violate the FLSA, the Court should (1) conditionally certify this case collective action pursuant to 29 U.S.C. § 216(b); (2) authorize the issuance of notice to potential class members; and (3) order PSSI to produce verified contact information for all putative class members so that notice may be timely implemented.

Respectfully Submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I have conferred with opposing counsel regarding the relief requested in this motion, and he opposes this motion.

_____
Melissa Moore

## CERTIFICATE OF SERVICE

I hereby certify that on March __, 2017, I filed this motion with the Court's CM/ECF system which will send notification of such filing to the all counsel of record.

_____
Melissa Moore

- 13 -