UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEJUAN SANDERS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. 5:16-CV-00890-XR-PAM |
| v. | § § | |
| PACKERS SANITATION SERVICES, INC., LTD., | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## DECLARATION OF DEJUAN SANDERS

My name is Dejuan Sanders. I am over the age of eighteen, of sound mind, and otherwise competent to make this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct. If called as a witness, I am competent to testify to these facts.

1. I currently live at 212 South Church St., Center, Texas 75935.

2. I am a current employee of Packers Sanitation Services, Inc., Ltd. ("PSSI").

3. My first day of work for PSSI was in October 2012.

4. I was terminated in August 2014, but was rehired in October 2015. I am still currently employed at PSSI as of the date of this Declaration.

5. I have been employed by PSSI as a Sanitation Worker.



EXHIBIT B

6. My primary job duty is to manually clean and sanitize food plants, including the facility and the machines inside, which are operated by PSSI's customers, to meet Quality Control and Bacterial Standards imposed by the customer and applicable to governmental agencies, such as the USDA.

7. During my employment with PSSI, my supervisor's name was Pedro Madrigal.

8. During my employment with PSSI, I have been a full-time employee working forty hours a week or more.

9. During my employment with PSSI, I was paid on an hourly basis. In other words, I received a fixed sum of money for each hour that I worked. My last rate of pay was approximately $10.00 per hour.

10. Though I was sometimes paid for some overtime, I do not believe I was paid for all overtime that I worked. I frequently worked over 40 hours per week, yet not every paycheck reflects that time.

11. When I first started with PSSI, I would be required to sign a piece of blank printer paper to ensure that I was there for the day. The paper would not have any time documented on it; I assumed my manager input time after I signed. However, I was never given a record of my hours prior to receiving my paycheck.

12. Later, in 2015, PSSI installed a facial recognition punch system. Frequently, I would be told either not to clock in or out on the new system, or my manager would tell me that the system was down and we would have to sign in on a piece of paper like we had done before.

Signature: _____
Dejuan Sanders (Feb 24, 2017)

Email: dejuansanders67@gmail.com

13. Though I did not have a time card to compare my paycheck to, I would look at the hours for the week and know that I was short on hours and was not paid correctly.

14. My schedule was usually Monday through Saturday, but I occasionally worked Sundays. I was scheduled from 11:00 PM to 8:00 AM, but would sometimes leave later than 8:00 AM. Whenever the Tyson plant was open, the facility we cleaned, we would be scheduled to work.

15. I typically worked between 45 to 54 hours per week but I was usually only paid between 40 to 45 hours.

16. There would typically be up to 80 workers on this night shift, 11:00 PM to 8:00 AM to complete the work.

17. Based on what I saw and my conversations with my coworkers, this pay practice applied to all hourly workers employed by PSSI. It did not depend on what we did or our position with PSSI.

18. Based on my experience talking with other employees I worked with in various locations, I believe that there would be others that would want to join this lawsuit if they were made aware of this suit and given an opportunity to join.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the forgoing is true and correct.

_____          _____
        Date                              Dejuan Sanders
                                          Declarant